IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                                        CIV 99-1064 JP/KBM
                                                             CR 96-210 JP

JOSE VASQUEZ-PULIDO,

        Defendant-Movant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court following an evidentiary hearing on the sole remaining ineffective assistance of counsel issue presented in this matter.  In a "Declaration" attached to his § 2255 motion, Defendant Vasquez-Pulido asserted the following: he was utterly ignorant of his constitutional right to testify; his attorney never discussed the issue with him; and, had he known that it was his decision to make, he would have testified at the trial.  The United States had submitted an affidavit in which Defendant's trial attorney declared that he generally and routinely advises his criminal clients that the right to testify is their decision and whether he recommends that course of action.  Counsel did not believe he "deviated from [his] routine practice in this case."  *Doc. 8 at 6-7.*

       In adopting my proposed findings and recommended disposition, Chief District Judge James A. Parker ordered that I hold an evidentiary hearing "on the sole issue of whether trial counsel's alleged failure to advise Movant of his right to testify constitutes ineffective assistance of counsel."  *Doc. 9.*  I appointed Armando Torres to represent Defendant at the hearing.

The evidentiary hearing was held November 8, 2000 in Las Cruces and the proceedings have been transcribed.  Testimony was received from only two witnesses – the Defendant-Petitioner (who was provided an interpreter) and his trial attorney.  Although Defendant Vasquez-Pulido was first to testify at the hearing, I will begin with a discussion of the testimony given by his trial counsel, R. Morgan Lyman.

The Transcript reveals that Mr. Lyman testified that it is "always" his practice to advise his clients that they have right to testify, *see pp. 42-43, 46, 53-54,* and there was "no reason" why he would not have done so in this case, *p. 47*.  Lyman further testified that although he recommended to Vasquez-Pulido that he not take the stand, he never "ordered" his client not to testify at trial.  Lyman's recommendation was based upon the defense strategy of pursuing a theory of lack of specific intent.  This defense theory could be presented to the jury through the testimony of a psychiatrist, thereby not exposing to the jury to the either the Defendant (whom counsel believed would not have made a good witness), or his prior conviction involving drugs. *See Transcript at 25, 44, 49, 51-52, 59-60.*

Having heard the testimony of the witnesses and observing their demeanor during the hearing, I find trial counsel's testimony credible.  Vasquez-Pulido concedes that his trial attorney recommended against taking the stand.  *Id. at 33-34.*  In fact, Defendant admitted that he trusted his trial attorney and  "of course"  was going to follow his lawyer's advice.  *Id. at 38.*   Trial counsel does not recall Defendant indicating during the trial that he wanted to testify.  *Id. at 60.*

Conversely, I do not find credible Defendant's assertion that he was completely unaware of his right to testify.  Although he does speak some Spanish, trial counsel "almost always" took an interpreter with him when he spoke with Defendant.  *Id. at 45; see also id. at 31*.  Moreover,

Defendant testified that he speaks some English, and it was evident at the hearing that Defendant understands English because at more than one point he corrected the translator. *Id. at 15-16, 31.* Thus, I do not find that a language barrier contributed to his alleged lack of knowledge. Furthermore, Defendant acknowledges that in a court appearance on another charge prior to this case, he was advised of his right to testify. *Id. at 36.* Additionally, he said he believes that the Magistrate Judge also advised him of right to testify at arraignment in this case. *Id. at 30-31.*

For all these reasons, I reject Defendant's contentions that he was not aware of his right to testify and that counsel failed to so advise him. I likewise do not believe Defendant's assertion that upon hearing his brother testify, he insisted during trial on testifying himself. Accordingly, Defendant has not sustained his burden under *Strickland* and *Dryden* of demonstrating either that counsel's conduct was "unreasonable" or that he was prejudiced. *See Doc. 8 at 6-8.*

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** the sole remaining ineffective assistance of counsel claim be found without merit, Defendant's § 2255 petition be denied, and this action dismissed without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE